4 WS 492
e215	¹168

## *I* Olwine's Appeal.

The Act of 14th of April 1828 does not authorize the Court of Common Pleas to appoint a trustee under a will by which the trust is annexed to the office of the executors; on their decease, the trust must be exercised by an administrator *de bonis non.*

If such trustee commence proceedings in that character in the Orphans' Court, and they are carried on till a decree, that court has not jurisdiction then to decree in favour of such trustee as administrator *de bonis non.*

THIS was an appeal from the decree of the Orphans' Court of *Chester* county.

In May 1840, John Shafer presented a petition to that court as trustee of Jane Bowen, formerly Jane Rice, widow of Arthur Rice, stating "that Arthur Rice died in 1796, having made his last will and testament, dated 15th of April 1796, duly proved on the 18th of July in the same year, whereby he directed his executors, when his daughter Jane should arrive at the age of 21 years, to sell his plantation at public sale, and after payment of certain legacies therein mentioned, to put out the remainder of the proceeds of said sale to interest for the use of his wife, during her natural life, and after her decease to divide the same equally among his children; and of his will he appointed James Bones and John Bartholomew executors, who took upon themselves the execution of the trust. That after the arrival of the said daughter at age, the executors, on the 6th of April 1813, sold the said real estate and received the proceeds thereof, amounting to the sum of $5889.59; and in the year 1814 John Bartholomew died, and James Bones the other executor, died since, and that letters of administration on the estate of the latter, were duly granted to Anthony W. Olwine and Abraham Olwine; that no account of the trust has ever been settled by the executors, or either of them, or by the administrators of the surviving executor. Your petitioner further states, that he is interested in the execution of the trust, having been appointed trustee of said fund by the Court of Common Pleas of

Chester county, in the room of said James Bones, deceased. He therefore prays your Honour to award a citation directed to the said Anthony W. Olwine and Abraham Olwine, administrators of the said James Bones, deceased, commanding them to appear at the Orphans' Court of said county, on some day by your Honour to be fixed, to answer the complaint aforesaid, and to settle the account of the said James Bones, trustee as aforesaid, or show cause to the contrary."

A citation was issued, and the administrators filed an account, to which exceptions were taken, and it was referred to auditors who made a report. Exceptions were made also to the report, and after hearing a decree was made by the court. Throughout these proceedings Shafer appeared as the trustee above-mentioned until in May 1841, the court ordered certain amendments in the report, by which the balance of the trust fund in the administrators' hands was $1702.39; and on the same day decreed that the administrators should pay over the same to John Shafer, administrator *de bonis non cum testamento annexo* of Arthur Rice, deceased.

Sundry exceptions to the same were taken in this court, one of which only it is necessary to notice, viz., that the Orphans' Court had no jurisdiction or power to make the decree in the case.

*Hirst,* for the appellant, referred to the Act of 29th of March 1832, sec. 57, relative to Orphans' Courts, and cited 6 *Watts* 278; 3 *P. R.* 398; 4 *Whart.* 179; 9 *Watts* 252, 300.

*Darlington,* in support of the jurisdiction of the court below, relied on the Act of 22d of March 1825, relative to trusts, and its supplement, passed on the 14th of April 1828.

The opinion of the Court was delivered by

SERGEANT, J.—The Act of 22d of March 1825, giving the Supreme Court power to appoint a trustee in consequence of the death of a prior trustee, (extended to the Common Pleas by the Act of 14th of April 1828,) did not authorize the appointment made by the Court of Common Pleas of Chester county of John Shafer as trustee in the present case. By the will, the trust for the widow was annexed to the office of the executors, and on the death of both could only be exercised by an administrator *de bonis non.*

The proceedings were, therefore, instituted and carried on in the Orphans' Court without jurisdiction. By the 57th section of the Act of 29th of March 1832, proceedings in the Orphans' Court to compel any one amenable to its jurisdiction, to appear and submit to its decree, are to be on the petition of one interested. But Shafer, as trustee, had no interest in the estate, or right to demand an account, or to receive the proceeds. It is true, after the ac-

[Olwine's Appeal.]

count and hearing, a decree was made in favour of Shafer as administrator *de bonis non* of Rice, and had the proceedings been so instituted and carried on, all would be right. But being defective in their origin and progress, they could not be cured by this. The court could not make any decree in a suit in which they had not jurisdiction.

Decree reversed.